UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEARTLAND PACKAGING CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) SUGAR FOODS CORPORATION, ) ) Defendant. ) | ) ) ) ) ) CASE NO. 1:06-cv-0828-DFH-TAB ) ) ) ) ) |

ENTRY ON MOTION TO TRANSFER VENUE

Defendant Sugar Foods Corporation has moved to transfer this action to the district where the claims arose, the Northern District of Texas. Sugar Foods bases its motion on 28 U.S.C. § 1404(a) and seeks a transfer for the convenience of the parties and witnesses and in the interest of justice. As explained below, the court grants defendant's motion.

Heartland Packaging is an Indiana corporation with its headquarters in central Indiana. In March 2006, Heartland Packaging operated a food packing facility in Dallas, Texas, where the company packaged seasonings and other food materials for H.J. Heinz Corporation. This case arose in Dallas on March 23, 2006 at that Heartland Packaging facility. Heartland Packaging had a contract with Heinz to use Heinz-owned equipment in the Dallas facility. The contract gave Heinz some rights to visit what was otherwise a secure facility with restricted

access for outsiders. Heinz arranged for a tour of the Heartland Packaging facility in Dallas, supposedly for Heinz employees pursuant to the contract between Heinz and Heartland Packaging.

According to Heartland Packaging's complaint, though, Heinz tricked Heartland Packaging president Ted Gelov into allowing two employees of Sugar Foods to take the tour of the Dallas facility along with Heinz employees. The Sugar Foods employees allegedly took photographs, recorded other information, and misappropriated trade secrets from Heartland Packaging. Gelov was present in Dallas for the tour, as was Mark Hayden, who is Heartland Packaging's operations manager.

By the time Heartland Packaging filed suit in this case on May 23, 2006, it had closed its Dallas facility and had apparently moved all records, including evidence relevant to this case, to Indiana.

Defendant Sugar Foods has no facilities or employees in Texas or in Indiana. The two Sugar Foods employees who are alleged to have infiltrated the Heartland Packaging facility in Dallas are residents of California. (Heartland Packaging had initially named both of those persons as defendants here, but dismissed them voluntarily after they moved to dismiss for lack of jurisdiction and Sugar Foods moved to dismiss for improper venue.) Heartland Packaging's amended complaint seeks relief for breach of contract, trespass, and

misappropriation of trade secrets under the laws of Texas, California, and/or Indiana, as well as an unspecified crime victims relief act.

*Discussion*

When jurisdiction and venue are otherwise proper, 28 U.S.C. § 1404(a) authorizes the court to transfer a civil case to another district for the convenience of the parties and witnesses and in the interest of justice.

When considering the convenience of witnesses, the principal concern is the location of witnesses who are not under the control or influence of the parties. The courts generally assume that corporate parties will be able to persuade their employees (and outside contractors such as accountants) to travel for a trial. *E.g.*, *Worldwide Financial LLP v. Kopko*, 2004 WL 771219, *3 (S.D. Ind. March 18, 2004); *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993), cited in *Greene Mfg. Co. v. Marquette Tool & Die Co.*, 1998 WL 395155, at *3 (N.D. Ill. July 9, 1998); accord, *JMC Technology Group, Inc. v. EDM Sales & Supplies, Inc.*, 2004 WL 392945, at *2 (S.D. Ind. Feb. 10, 2004) (ordering transfer based on location of non-party witnesses and physical evidence).

Heartland Packaging's key witnesses will be its employees who live in central Indiana. Sugar Foods' key witnesses live in California. The three principal non-party witnesses appear to be Mitchell Hoard, Michael Merica, and Robert Burns. Hoard is a former Heinz employee and now lives in Bowling Green,

Kentucky.  Merica is still a Heinz employee and lives in Ohio.  Both went on the fateful tour of the Heartland Packaging facility in Dallas.  Both are beyond the subpoena power of both this court and the Northern District of Texas.  Burns is a former Heartland Packaging employee who was involved in the episode.  He still lives in Dallas, in the Northern District of Texas.  This factor weighs in favor of the Northern District of Texas, though not decisively so.

What tips the balance here is that Heartland Packaging's claims arose in Texas and are almost certainly governed by Texas law.  Heartland Packaging alleges a breach of a contract formed in Texas, trespass on property in Texas, misappropriation of trade secrets in Texas, and recovery under the crime victims relief act, based on events in Texas.[1]  None of the events or communications between Heartland Packaging and Sugar Foods occurred in Indiana.  The closest the story comes to Indiana is that someone from Heinz – not a party to this lawsuit – sent e-mails to Gelov in Indiana to arrange for the tour in Texas.  The court does not see how non-party Heinz's actions could affect the choice of venue between these parties.

Heartland Packaging argues that its choice of venue is entitled to deference. Plaintiff's choice of forum is entitled to considerable weight in the transfer

---

[1] The complaint does not identify the statute.  Indiana has enacted a statute providing a civil remedy with treble damages and attorney fees for violations of certain Indiana criminal statutes, including criminal trespass. Ind. Code § 34-24-3-1.  That Indiana criminal statute would not apply to the conduct alleged to have occurred in Texas.

calculus. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 731-32 (7th Cir. 2003) ("strong presumption" in favor of plaintiff's choice of forum was overcome, and case was properly dismissed on grounds of *forum non conveniens* in favor of a Canadian proceeding); *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979) (trial court must give "some weight" to plaintiff's choice of forum).

In this case, however, where the chosen venue bears no relationship to the case other than being the home base of the plaintiff, the plaintiff's choice is entitled to little weight. See *Worldwide Financial LLP v. Kopko*, 2004 WL 771219, at *4 (S.D. Ind. March 18, 2004); *Aearo Co. v. Sungard Recovery Services, Inc.*, 2001 WL 619415, *2 (S.D. Ind. May 30, 2001) (collecting cases); accord, *Chicago R.F. & P.P. Co. v. Igoe*, 220 F.2d 229, 304 (7th Cir. 1955) (finding that district court abused discretion by denying transfer; appellate court issued writ of mandamus for transfer, and stated that deference to plaintiff's freedom to select his own forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff").

If Heartland Packaging still operated its facility in Texas, surely there would be no doubt that the case belonged in Texas. It is difficult to see why Heartland Packaging's unilateral decision to close that facility should result in a change of the most suitable location for the litigation to proceed. Heartland Packaging's unilateral decision to close the Texas facility and to move the records to Indiana

accounts for the fact that key documentary evidence is in Indiana, but that unilateral decision also deserves no weight in the venue calculation.

Indiana has only minimal ties to the claims in this case. The claims arose in Texas and are likely to be governed by Texas law. No other factors point to any other venue as better suited to hear this case. The court finds that the interests of justice favor a transfer of the case to the Northern District of Texas. Accordingly, Sugar Foods' motion to transfer venue is hereby granted.

So ordered.

Date: January 8, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Alison Margaret Chestovich
BARNES & THORNBURG LLP
alison.chestovich@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com